**UNITED STATES of America,
Appellee,**

v.

**Laverne Miles HEATH, Appellant.**

**No. 75–2366.**

United States Court of Appeals,
Ninth Circuit.

Oct. 28, 1975.

---

Thomas C. Kleinschmidt (argued), Federal Public Defenders, Phoenix, Ariz., for appellant.

Ron Jennings, Asst. U. S. Atty. (argued), Phoenix, Ariz., for appellee.

OPINION

Before ELY and WALLACE, Circuit Judges, and SHARP,* District Judge.

PER CURIAM:

Heath was convicted of forging a government welfare check, a violation of 18 U.S.C. § 495. The payee was a deaf mute, claimed to be mentally retarded. The District Court conducted a pre-trial hearing, directed to the question of whether the payee was competent to testify as a witness for the prosecution. After hearing several witnesses testify to the effect that the payee was competent and asking three questions of the payee himself, the judge apparently became convinced that the prospective witness was prima facie competent. The judge thereupon refused the defense attorney's request to cross-examine the allegedly incompetent witness. This was error. Once having determined to conduct the hearing, the District Court should have permitted the defense to cross-examine, within reasonable limits, the prospective witness claimed to be incompetent.

The above notwithstanding, the defense was allowed full latitude in the cross-examination of the allegedly incompetent witness after the latter had testified as a prosecution witness during the course of the trial. The district judge retained the power, of course, to declare the witness incompetent at any time during the course of the proceedings.

A district judge has broad discretion in determining the competency of a witness to testify, and we cannot disturb a district judge's determination in this respect absent our conviction that there has been an abuse of discretion. *United States v. Barnard,* 490 F.2d 907, 912 (9th Cir. 1973), *cert. denied,* 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). *See also United States v. Benn,* 155 U.S.App. D.C. 180, 476 F.2d 1127 (1972).

"The capacity of a person offered as a witness is presumed, and in order to exclude a witness on the ground of mental or moral incapacity, the exist-

---

* Honorable Morell E. Sharp, United States District Judge, Western District of Washington, sitting by designation.

ence of the incapacity must be made to appear. Vol. II, Wigmore on Evidence, § 497, 3rd Ed. (1940). The fact of insanity or mental abnormality . . . may be provable, on cross-examination or by extrinsic evidence, as bearing on credibility."

*Sinclair v. Turner,* 447 F.2d 1158, 1162 (10th Cir. 1971). *See also Stephan v. United States,* 133 F.2d 87 (6th Cir.), cert. denied, 318 U.S. 781, 63 S.Ct. 858, 87 L.Ed. 1148 (1943).

We are not persuaded, in the circumstances, that the district judge so clearly abused his discretion that reversal is required. Heath's other contentions, including the argument that the court's failure to permit defense cross-examination of the assertedly incompetent witness at the pre-trial hearing infringed Heath's Sixth Amendment Rights, have no such merit as to require discussion.

Affirmed.